```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| COOLERIDGE BELL BEY,<br><br>                 Plaintiff,<br><br>-against-<br><br>MAGNOLIA BAKERY CORP.,<br><br>                 Defendant. | 19-CV-1018 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff Cooleridge Bell Bey, appearing *pro se*, brings this action alleging that Defendant violated his rights. By order dated May 9, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff alleges that on Monday, December 17, 2018, at the Magnolia Bakery located in Manhattan, he ordered two large banana puddings. Plaintiff was advised by the sales associate, Crystal H., that there was only one large banana pudding available. Plaintiff then suggested that he be given one large, one small, and one medium banana pudding instead. Crystal H. denied Plaintiff's request, and Plaintiff was then approached by another Magnolia employee, who also denied his request. Plaintiff describes this other Magnolia employee as "verbally abusive." (Compl. at 2.) Plaintiff alleges that the employee "proceeded to physically assault [him] as he jumped across the counter." (*Id.*) Plaintiff asked for a store manager, "who appeared approximately 15 minutes later," "seemingly annoyed." (*Id.*)

Plaintiff alleges that the manager first denied Plaintiff's suggestion, but then, "after an exchange of pleasantries," the manager decided to grant Plaintiff's request, and directed the clerk to do the same, so Plaintiff could go. (*Id.*) The manager then left the counter area, but the clerk refused to follow the manager's direction. Plaintiff asserts that he maintained his composure and told the clerk that her demeanor was a negative reflection on Magnolia Bakery.

Plaintiff alleges that the clerk took his money, gave him change and a receipt, but never placed his items in a bag. Plaintiff asserts that the bakery was particularly crowded with patrons who witnessed this encounter, and "[a]s a loyal customer of Magnolia Bakery and Bloomingdales," Plaintiff requests "$200,000.00 in lawful money as remedy for [his] disrespect and embarrassment. (*Id.*)

**DISCUSSION**

**A.   Subject Matter Jurisdiction**

This Court does not have subject matter jurisdiction over this action. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331

and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1.  **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

To the extent that Plaintiff brings this complaint seeking to assert that Defendants violated his federal constitutional rights, his claims are construed as arising under 42 U.S.C. § 1983. But to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by

3

the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are not generally liable under the statute. *See Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). First, Plaintiff does not allege that Defendants violated his constitutional rights. Instead, Plaintiff alleges that Defendant disrespected and embarrassed him. Second, Defendant is a private party who does not work for any state or other government body, and Plaintiff does not allege otherwise.

Because Plaintiff asserts that Defendants took his money, but never gave him the items he purchased, Plaintiff's action is construed as an action asserting a claim of conversion. New York defines conversion as the "unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property." *Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 469 (S.D.N.Y. 2010) (citing *Meese v. Miller*, 436 N.Y.S.2d 496, 500 (1981)). Conversion occurs when a demand for the return of the property is made and refused. *Id.* A claim of conversion, however, arises under state law, not federal law. *See Bowles v. Shape*, No. 16-CV-259 (LEK) (CFH), 2016 WL 1600840, at *1 (N.D.N.Y. Apr. 21, 2016). Therefore, Plaintiff has not alleged facts demonstrating that this action arises under federal law.

### 2. Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C.

§ 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff's allegations indicate that both he and Defendant are located in the state of New York, precluding complete diversity of citizenship. On that basis alone, the Court lacks diversity jurisdiction over this action. But even if Plaintiff and Defendants resided in different states, the Court would likely still lack diversity jurisdiction over this action because Plaintiff does not allege that his claim satisfies the jurisdictional amount.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 17, 2019
       New York, New York

                                          _____
                                          Louis L. Stanton
                                          U.S.D.J.